Case 22-1135 Marcus Kelley v. DeWayne Burton Argument not to exceed fifteen minutes per side Mr. Jenkins, you may proceed for the appellate Good morning, Your Honors, and may it please the Court, Assistant Attorney General Eric Jenkins, on behalf of the Respondent Appellant, I would like to reserve three minutes for rebuttal. The last time the parties were before this Court on this case, this Court found that the District Court had recast Kelley's perjured testimony claim as a Brady withholding claim. The Court then remanded back to the District Court. Upon remand, the District Court made the same mistake, this time recasting the perjured testimony claim again as a Brady withholding claim for the purposes of the statute of limitations argument the Respondent made, as well as for the issue of exhaustion. We've raised several reasons why we think this Court should reverse the District Court's grant of the habeas petition, but I want to key in on three points. First of all, the claim is unexhausted and it's no longer exhaustible. The District Court made an error when it took the perjured testimony claim that was raised throughout the State Court proceedings and somehow, again, recast that into a Brady withholding claim. Secondly, the only way to get to the merits of this claim is to find that it's exhausted. Again, we're arguing it's not exhausted, but if somehow we do get to the merits, ad pedeference would apply. That leads to two issues for Mr. Kelly and for what the District Court did. First of all, he can't prevail on this standard because there is no Supreme Court case imputing this specific misconduct to the prosecutor's office. That misconduct is misconduct from a separate case known only to the offending officer at the time of trial that was then discovered after the defendant had been convicted. Thirdly, the evidence in this case is not material. This is not a case where Mr. Kelly was convicted on the testimony of a disavowed police officer. Rather, this was a case where a confidential informant conducted a series of undercover buys from Mr. Kelly and testified at trial about those buys. All four of the buys were recorded, although the recordings in this case were not played for the jury. Beginning with the exhaustion. The officer lies in a different case for the conviction here, but the information is not known to the prosecutor, you're saying, until after the conviction? Yes. So the prosecutor learns this information. Does the prosecutor have an obligation to then disclose that information to the defendant? I think under Brady, yes, he would. It doesn't necessarily mean it's material. I believe in this case what the prosecutor did is they internally reviewed 100 cases this officer was a part of and found that there were 16 of them where his testimony was crucial to the conviction. Those cases were dismissed. It's unclear if they were all pending cases. This is the prosecutor making the determination about? Yes. The reality of the significance of the officer's testimony as opposed to hear the informant. So in 16 of them, the prosecutor decides this officer was too important to the conviction for us to stand behind it. That's correct. But this is not one of those cases? This is not one of those cases because of the confidential informant. So in this case they turned over that information to, was it publicly known at that point? It was publicly known. There had been a series of news articles, and I know that that's how Mr. Kelly discovered it, so I believe that's where he got the information is from the news article. And is that before, just in terms of the timeline, he then files his state collateral proceedings? Yes, I believe that's. How do the points in time, sort of prosecutor finding out, Kelly finding out, pursues his state collateral relief? My understanding is the prosecutor finds out in September of 2012, so that's about four months after Mr. Kelly's sentencing in this matter. I believe he's still on his direct appeal when he discovers the information. The officer is fired January of 2013, and I believe right around the time of his firing, or maybe shortly thereafter, is when Mr. Kelly comes upon this information. I believe he then forwards it on to his appellate counsel at the time. I've got a quick question. So the Brady claim and the Perjury Testimony claim seem to derive from Detective Ferguson's misconduct, generally. So the mail court tells us that we're to look at whether the claims are tied to the same core of operative facts. Why don't we have the same core of operative facts here when we look at the Brady claim and the Perjury Testimony claim? Is that what I should be even thinking about? For purposes of statute of limitations, yeah, it's the same core operative facts. For relation to back, yeah. Yes, and I think the difference, it may sound like splitting hairs, but throughout the state court proceedings, his claim was always that Detective Ferguson had perjured himself in his case, meaning Mr. Kelly's case. He was basing that on a number of different things. There was something with a search warrant he said that he thought was fishy or that didn't totally add up. There's stuff about the confidential informant. There's a letter that Kelly's post-conviction counsel submits to the court that's from the confidential informant's girlfriend or ex-wife, something like that, saying that, no, he wasn't just a one-time informant. He was a snitch for years and things like that. So Mr. Kelly's claim about Perjury Testimony, all of this stuff together shows he perjured himself in this case, whereas the withholding claim would be that the prosecution somehow failed to turn over evidence of this misconduct in a different case. It's very specific as to only the misconduct in the other case. And, again, I understand it's splitting hairs and the statute of limitations may not be my strongest argument, but when it comes to exhaustion, that is very much a different thing because there it's not so much the same core operative facts. It has to be the claim, and the claims are clearly different. This court has already said they're different in the previous iteration of this case when we were up here appealing a different grant from the district court. So I think that exhaustion issue is a very big problem in this case, and I don't think that he can overcome the exhaustion issue because when you review the state court record, he was always talking about perjury in his case, not a withholding claim, not under Brady. Anytime he even flirts with talking about Brady, it's in the context of a perjured testimony claim, meaning the prosecution knowingly offered perjured testimony of this officer. So I think that creates an exhaustion issue. As I understand it, the primary evidence in this case came from the confidential informant, and Ferguson's role was to confirm Kelly was the driver in the first transaction and to listen to all the recordings and to generally characterize the recordings as sounding like drug dealings. Is that about, is that, have I accurately summarized the role? Yes, you've accurately summarized the case, the way this case went. The confidential informant was the centerpiece of the prosecution's case against Mr. Kelly, and I can tell you I've tried a few confidential informant cases myself. These cases fall, rise and fall with that confidential informant. That's what the jury says. It's whether the jury believes them or not. Exactly. You live and die with your confidential informant. Detective Ferguson's testimony was very much to show how they set up the buys. Even then, the confidential informant, Mr. Zion, talked about calling Kelly up, ordering amounts of drugs, negotiating over money and things like that. So it was still sort of cumulative testimony even in that regard for setting up the buy. This clearly was a case where the confidential informant was the key to the prosecution's case. That means that Mr. Ferguson's testimony was not material here. And I think this court, already in a separate case with the same officer, Warren v. Bryant, came to the same conclusion. It was the same situation where there were other officers in that case, not a confidential informant, but other officers whose testimony was important to the case, and Detective Ferguson's testimony was just something else added on or setting up situations. It's the same as here, and so that's why we don't think this is material, if the court gets to that part of the merits on this case. I did want to point out, and one other going to that question as well, the district courts seem to say that particularly the first buy could not be sustained without Detective Ferguson's testimony. In my review of the record, I don't understand how the court came to that conclusion. I think that's wrong on the court's part. The confidential informant, Mr. Zion, clearly identified Mr. Kelly as the individual driving the car in the first buy. He clearly described what happened in that car, specifically, and most important of the charges, an exchange of money for drugs. But Ferguson corroborated that he was the driver, and so your position would be, though, that that was merely cumulative evidence. And he's seeing him from a distance. It certainly couldn't be characterized as the district court characterized it. Certainly. It's not that the conviction cannot be sustained without that detective's testimony. It was clearly cumulative. He's seeing him from a distance. I think there's even something about he misidentified the plate on the car at one point, too. So Zion being in the car with Mr. Kelly exchanging the drugs is the important testimony in that situation. You started off with your three points, and I didn't write them down. But there are a lot of different ways you could win this appeal. What do you think is the most straightforward route? Was it material to the conviction? I think exhaustion is probably the most straightforward. But then it's like 1A and 1B, in my opinion. Materiality is very clear in this case. It's a case where a confidential informant was the living, breathing testimony that convicted Mr. Kelly, and the detective who, again, we're not going to defend his conduct outside of this case, but his testimony was ancillary to the crux of the prosecution. With respect to exhaustion, there's some reference to newly discovered impeachment evidence. He never backs that up with a factual Brady claim. He's always talking about that in the context of a state motion for new trial. So I think that's where we get to. He hasn't raised the factual and the legal. It's a state procedure that allows him to get a new trial. Yes. I'm pretty short on time, and I'll reserve the rest for rebuttal unless the court has any other questions. I'm not finding it. I was looking back at my material. There's also sort of a question of whether the district court did what this court previously told it to do. Is that right? Yes. Okay. Like I said from my opening, I think the court made the same mistake again. This court was pretty clear that these were two different types of claims, and the court tried to pick and choose from the state court proceedings, especially as it comes to exhaustion, and a little bit for the statute of limitations of the relation back, pick and choose from the state court proceedings to try to find something to, for lack of better terms, put a square peg into a round hole. I thank the court, and I'll reserve the rest of my time for rebuttal. Thank you. All right. Mr. Komorski. Thank you. Good morning, Your Honors. My name is Philip Komorski. I'm appearing on behalf of Mr. Kelly. I apologize if I seem a little rusty. This is my first time back here since pre-COVID, so it's almost like a new experience. Well, welcome back. Thank you. Okay. There's a lot to unpack there. I'd like to address the Attorney General's argument one step at a time, if I may. First of all, the issue with exhaustion. It seems that the argument that he's making is that because the specific Brady claim was not raised in the initial petition, that it's unexhaustible. I think he also made the claim that it could not be raised again in an amended petition based on this court's previous panel ruling. I would point out that that's probably not entirely accurate because the previous panel did note in a footnote in their previous opinion  that because we conclude Kelly's petition did not include a Brady withholding claim, we express no views as to the viability of such a claim, including whether, as the state suggests, it is procedurally defaulted. So I think if there was no way that Mr. Kelly could exhaust his claim, they would have not put that in the footnote. I think they are acknowledging that there are situations where, as Judge Cole indicated, you can use the relate back theory, so to speak, and put in a petition, an amended petition, requesting that a new claim be added as long as it relates back to the same core of facts. What about the original problem of the state petition for collateral review? There's no mention of Brady there. Are you referring to the habeas petition? The state collateral review petition. Oh, okay. There's mention of impeachment evidence. There's a Michigan state procedure that allows you to raise that and possibly get a new trial. There's no reference to Brady there. There's no reference to Brady, but there is a reference to Giglio, which is essentially, dovetails into Brady. Also, as pointed out in the state petition and the habeas, the initial habeas petition, Mr. Kelly did attempt to raise a Brady claim in his appeal of right, and this is when I think the news articles started coming out about Detective Ferguson's corrupt practices and so forth, and he asked his court-appointed attorney to raise these issues specifically, and that attorney refused to do so. So Mr. Kelly did everything that he could in his appeal of right to do that, and what we raised in the initial, I'm sorry, the 6500 motion, which is the post-appellate state motion, was basically the same thing, but our argument was as to what the prosecutor did as a result of withholding this evidence. It prevented the defense attorney from arguing that this conviction is based on perjured testimony, which would include also the testimony of the confidential informant, because there was some evidence withheld, potentially, that this confidential informant may not have been just a confidential informant, but may have been a paid informant with Detective Ferguson, and had that come out, that certainly would call into question the credibility of not only the confidential informant, but of Detective Ferguson. Tell me where the information that he was a paid informant comes from, and where do we find that? I don't have the record in front of me, but I know that was one of the things that I think even the Attorney General made some reference to it, that there was statements from the girlfriend of the confidential informant. Are these the statements that came in after the fact at some point? Yes, that's correct. They did not come out at trial. I don't know if that answers the question. I'm sorry, Judge Goldgear. Maybe you could address Detective Ferguson's testimony, and how significant that was in the context of the trial, and credibility. As has been discussed, the testimony of the confidential informant is always important. I was wondering, in this case, with Detective Ferguson's testimony, how would you characterize that in terms of impacting credibility of his testimony, and maybe of Mr. Zion's testimony? To do that, I would like to use an analogy that was brought up in the previous case, the football analogy. I think it had to do with the offensive coordinator. That was pretty good. I would say, using that same analogy, Detective Ferguson is basically the head coach. He's the one that's running the show here. He's the one that has the responsibility of overseeing what this informant is supposedly doing. He's the one that's overseeing the supposed money that he's giving to this informant. He's monitoring this individual. I think, as Judge Gibbons indicated, he also is corroborating what this informant is saying. That's certainly important, and that's going to carry a lot of weight with the jury. There are recordings of the conversations between the informant and Mr. Kelly. That's true, yes. The recordings provide independent evidences to the veracity of the informant's testimony. Those do, but also so does the testimony of Detective Ferguson. Also, Detective Ferguson's corroboration as a driver. It makes Detective Ferguson's testimony, to the extent it touches on the substance of what occurred, less important. He really wasn't offered, as I understand it, to corroborate what happened during the deals, but to identify Mr. Kelly. Certainly, identification testimony is key in any case, such as a case like this. Without identification testimony, sometimes a case can fall. This whole case was centered around an operation that was orchestrated and run by Detective Ferguson. Certainly, it would call into question not only how this operation is run, but whether or not they should believe everything that Detective Ferguson is supposedly corroborating with respect to this confidential informant. I don't know if I answered the question or not, but essentially, Detective Ferguson is the case, and he is the one that's orchestrating the case. The confidential informant is the way that he presents the case to the jury. You know, it's your job to maximize Officer Ferguson's role, but I would suggest it's a slight exaggeration to say he was at the center, but it's your job to be aggressive. Fair enough, fair enough, but I don't think that he is a totally irrelevant witness like the Attorney General wants to have this panel believe either. I mean, I don't think he's insignificant in any way. If he was, they certainly wouldn't be reviewing all of the cases that he was responsible for. And so, again, I don't think this is a case that rose and fell solely on the testimony of the informant, but even if it did, I think Detective Ferguson's testimony is somehow tied in with the informant himself. Did the court have any other questions on that particular point? All right. Now, as far as the relates back argument, I think that Judge Cole raised earlier, I would argue that, and the district court indicated quite extensively in her opinion, that basically these are the same set of facts, course and facts, or however that Felix case cites it. I can't remember offhand. But basically, the perjured testimony and the withholding of this to establish perjured testimony is all the same thing. And I think we cited the case Cowan v. Stovall, I believe, where they indicate exactly what the relation back is. And in that case, there was an ineffective assistance of counsel claim in general. And then that particular panel of this court allowed the petitioner to amend his petition to include a claim that the counsel failed to investigate certain individuals, certain witnesses, not just ineffective in general. And they held, quote, that the new claim merely added more detail to the original. And I would argue that's exactly what the amended petition does in this case, which is why it relates back to the original one that was raised in front of the previous panel. And the whole issue the previous panel had with the way it was raised was that it was not specific enough. It was not Brady specific enough. They didn't really go into the merits of the issue. They just said Rule 15 requires the pleading to be specifically pled. So when we went back, that's what we did. We petitioned the court to amend the petition and indicated why we believe that the Brady claim does relate back to the original perjury claim. They are intertwined. She agreed. And I think that was proper on her part. As to the merits, it appears that the Attorney General is arguing that there's no recognized Supreme Court precedent that says Brady that's unknown to the prosecutor must be imputed to the prosecutor. However, I would point out two cases from this panel, Harris v. Laffler and Muldwan v. Warren, where that was the exact scenario. Brady material was withheld and the prosecutor said, well, we didn't know anything about it. And both panels in both of those cases from this court indicated, well, that's information that's imputed to you as the prosecutor. So I think the merits issue the Attorney General is dead wrong on. The court was clear on that. And this was a 33-page opinion, which is fairly detailed, and I think it should be upheld by this court. Does the court have any other questions? I see that my time is up. I guess if you're going to arguably rewrite our decision, you should probably take 30 pages to do it. Did the court have any other questions? All right. Thank you. Thank you, Your Honors. I'll be very brief. I just wanted to address a couple questions that came up during the appellee's argument. First of all, as it relates to the letter that Judge Gibbons brought up and questions about where the information came that this was a paid informant, I believe that that comes from that letter. But I think that the letter itself, which the district court relied on quite a bit, needs to be looked at in the proper lens. It's a letter purportedly from an ex-girlfriend or ex-wife of the confidential informant. It's submitted after the trial. There's no indication the prosecution knew anything about this witness. In particular, concern in the letter is that you can tell that the individual is having problems with custody with Mr. Zions, so there's a suspect reason for her to be writing this letter. And then she also asked Mr. Kelly for some sort of favor in the letter as well. So I don't know that the credibility of that letter is something that's earth-shattering to this case. But it's not a sworn affidavit. And I point that out in my brief. It's not testimony under oath. It's not an affidavit. It's just a handwritten letter delivered to Mr. Kelly after the fact. Also, with regards to the exhaustion issue, I want to make it clear our relation back argument is for the statute of limitations. When it comes to the exhaustion issue, we rely on Anderson v. Harless and a couple other cases. It's not enough to have all the facts of the federal claim in the state court or to have a similar state law claim. He never raised a Brady withholding claim in the state courts, and that's our position as it relates to exhaustion. And then finally, the materiality test is that the evidence undermines confidence in the verdict. And I think, Judge Gibbons, you had some good points about this. There's recordings that verify the veracity of the confidential informant. The confidential informant is the person who is performing these buys on four separate occasions. And Detective Ferguson, for three of the four buys, is nowhere in the vicinity of those buys. He's listening on a recording device, but all of those take place, the last three buys take place in a house, where it's Mr. Kelly and Mr. Zion. There are some other people involved, but they're not people that were called troubled. Those are the two people in the room, not Detective Ferguson. I don't think the state is trying to understate Detective Ferguson's testimony. I think what we're saying is that this case was a confidential informant case. Detective Ferguson's testimony, even with the impeachment evidence that we're discussing here today, doesn't undermine confidence in the verdict. And that's the standard, and that's what we stand by when we ask this court to reverse the district court's decision in this matter. Thank you. We appreciate the argument both of you have given, and we'll consider the case carefully.